IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE QUEBODEAUX | § | |
| VS. | § | CIVIL ACTION NO. 1:18cv121 |
| STATE OF TEXAS, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER REGARDING VENUE

Plaintiff Richard Wayne Quebodeaux, an inmate currently confined at the Bill Clements Unit in Amarillo, Texas, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff complains the State Classification Committee denied his release from administrative segregation because he has been identified as a member of the Aryan Circle and he has not participated in the GRAD program for former gang members. Plaintiff also complains he has not been allowed to go to general population and kept in administrative segregation for over 18 years "under a bogus gang tag." Finally, plaintiff complains he has been denied parole and that the defendants have harassed him with a "monitor that is on [him] that employs some sort of telepathy."

---

[1] Plaintiff filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, because he contests the conditions of his confinement instead of the fact or duration of his confinement, the petition is construed as a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriquez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973).

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose. Plaintiff's claims arose at the Clements Unit in Amarillo, Potter County, Texas where he is confined. Further, none of the defendants reside in the Eastern District of Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is either Potter County or Walker County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Potter County is in the Amarillo Division of the United States District Court for the Northern District of Texas. Walker County is in the Houston Division of the Southern District of Texas. As neither of these locations is located within the jurisdictional boundaries of the Eastern District, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Therefore, this case should be transferred to the Northern District of Texas. Accordingly, it is

**ORDERED** that the Clerk of Court shall **TRANSFER** this action to the Clerk of the United States District Court for the Northern District of Texas, Amarillo Division.

**SIGNED this the 27th day of April, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE